**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CHRISTOPHER PRIMMER-MEARS,

        Plaintiff,

v.                                                                              Case No.: 3:25-cv-1570-WWB-MCR

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.

_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion to Remand (Doc. 11) and Defendant's Response in Opposition (Doc. 14).[1]  For the reasons set forth below, Plaintiff's Motion will be granted.

## I.    BACKGROUND

Plaintiff alleges that he was harmed by the actions of Defendant State Farm Mutual Automobile Insurance Company's denial of liability with respect to an uninsured motorist claim and seeks declaratory judgment regarding the parties' rights and obligations under "the Policy."  (*See generally* Doc. 5).[2]  Plaintiff filed his Complaint in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida on November 13, 2025.  (Doc.

---

[1] The parties' filings fail to comply with this Court's January 13, 2021 Standing Order.  In the interests of justice, the Court will consider the filings, but the parties are cautioned that future failures to comply with all applicable rules and orders of this Court may result in the striking or denial of filings without notice or leave to refile.

[2] In his Motion, Plaintiff states that an amended pleading was filed in state court on December 19, 2025, one day after this case was removed.  However, no amended pleading has been filed with this Court.  Accordingly, the Court relies on the only pleading on the record before it in resolving this Motion.

1-7 at 1).  In his Petition, Plaintiff alleges that the "underlying damages at issue are greater than [ ] Fifty Thousand Dollars ($50,000)."  (Doc. 5 at 1).  Defendant removed the case to this Court on December 18, 2025, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (Doc. 1 at 1).  Plaintiff now seeks remand.

## II.     LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Pursuant to 28 U.S.C. § 1332(a), a district court may have original jurisdiction where both "the matter in controversy exceeds the sum or value of $75,000" and the parties are "citizens of different States."  In determining the amount in controversy, the relevant question is whether the plaintiff seeks damages in excess of the jurisdictional limit, not whether the plaintiff will actually recover sufficient damages.  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010).  In that vein, "[a] court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later."  *Id.* (citing cases).

A defendant seeking to remove a case bears the burden of proving that the federal district court has original jurisdiction.  *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).  Where, as here, the plaintiff fails to plead "a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement."  *Id.*  Nonetheless, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it."  *Pretka*, 608 F.3d at 754.  "Eleventh Circuit precedent permits

district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010) (quoting *Pretka*, 608 F.3d at 754).

"Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Any doubt as to "jurisdiction should be resolved in favor of remand to state court." *Id.*

## III.   DISCUSSION

There is no dispute that complete diversity of citizenship has been established in this case and the Court is satisfied that the parties are diverse. However, Plaintiff argues that Defendant has not established that the amount in controversy exceeds $75,000 by preponderance of the evidence and states that he is willing to stipulate that he is not seeking damages in excess of $75,000. Plaintiff has not provided any such stipulation in the record or offered proof that any stipulation predated removal in this case. Defendant argues that because Plaintiff is seeking a declaration that his insurance policy was in effect at the time of an accident and would provide coverage of up to $100,000 per person and $300,000 per accident, the amount in controversy is $300,000.

"For amount in controversy purposes, the value of injunctive or declaratory relief is the value of the object of the litigation measured from the plaintiff's perspective." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000) (quotation omitted). "Stated another way, the value of declaratory relief is 'the monetary value of the benefit that would flow to the plaintiff if the [relief he is seeking] were granted.'" *S. Fla. Wellness, Inc. v.*

*Allstate Ins. Co.*, 745 F.3d 1312, 1316 (11th Cir. 2014) (quoting *Morrison*, 228 F.3d at 1268).

Defendant argues that because Plaintiff would be able to seek the limits of the policy if successful in determining that coverage exists, the face value of the policy provides the proper measure of damages from Plaintiff's perspective.  In support, Defendant first directs the Court to two Eleventh Circuit cases that are readily distinguishable.  First, although the Eleventh Circuit agreed that the amount in controversy was the face value of the policy in *Guardian Life Insurance Co. of America v. Muniz*, that was because "[t]he policies in suit are contracts by which the insured agrees to pay the premiums and the insurer *agrees to pay the full face value of the policies* on the death of the insured, an event bound to happen."  101 F.3d 93, 94 (11th Cir. 1996) (emphasis added) (quoting *N.Y. Life Ins. Co. v. Swift*, 38 F.2d 175, 176–77 (5th Cir. 1930)).  Defendant has not presented any evidence or argument in this case, however, that if Plaintiff is determined to have coverage Defendant would necessarily be required to pay the full face value of the policy as a result.  Next, Defendant cites *Federated Mutual Insurance Co. v. McKinnon Motors, LLC*, 329 F.3d 805 (11th Cir. 2003) for the proposition that a policy with limits below the jurisdictional threshold can support an argument that the jurisdictional amount is not met.  Here, there is no dispute that if Plaintiff is entitled to the face value of the policy, then the amount is met.  Again, this case offers little value to the analysis of the issue before the Court.

Finally, Defendant cites *Witherup v. State Farm Mutual Automobile Insurance Co.*, No. 3:14-cv-1303-J, 2015 WL 419064 (M.D. Fla. Feb. 2, 2015) for the proposition that the face value of a policy is the proper measure of the amount in controversy "regardless of

4

whether their personal injury damages actually reach that amount." *Id.* at *3. *Witherup* is not binding on this Court, and the Court does not find its reasoning persuasive in this case. As the court noted in *Witherup*, "[w]hile there is no Eleventh Circuit authority on this precise issue, a number of district courts within the Eleventh Circuit have held that it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy." *Id.* at *2 (quotation omitted) (collecting cases). The *Witherup* court distinguished this authority on the basis that the cases did not "involve the validity of an insurance policy or whether coverage exist[ed] at all." *Id.* This Court, however, finds this to be a distinction without a difference in a case such as this, where there is a specific occurrence tied to the declaratory relief requested. Stated differently, this is not an abstract question of coverage untethered to a particular occurrence. *See James v. Wash. Nat'l Ins. Co.*, No. 3:18-cv-628-J, 2018 WL 4091001, at *4 (M.D. Fla. Aug. 28, 2018). If Plaintiff prevails in this case, he may still only recover under the policy for the injuries that he has suffered. From his perspective, the value of this litigation is the amount of coverage that would be afforded on his claim, which may or may not be coextensive with the policy limits.

In the absences of binding authority to the contrary and resolving all doubts in favor of remand as this Court is required to do, the Court finds that the proper measure of the amount in controversy in this case is the value of Plaintiff's underlying claim on his policy, not merely the policy limits. *See Albright Cleaning Servs., Inc. v. Travelers Indem. Co. of Am.,* No. 15-81559-CIV, 2016 WL 4371578, at *2 (S.D. Fla. Jan. 27, 2016). Because Defendant has not presented any evidence of the value of Plaintiff's underlying claim,

Defendant has not established by a preponderance of the evidence that the amount in controversy is met in this case.  Accordingly, Plaintiff's Motion will be granted.

## IV.   CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1.  Plaintiff's Motion to Remand (Doc. 11) is **GRANTED**.

2.  This case is **REMANDED** to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, Case Number 16-2025-CA-007121-AXXX-MA.

3.  The Clerk is directed to terminate all other pending motions and close this case.

**DONE AND ORDERED** in Jacksonville, Florida on March 19, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

6